IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
          Plaintiff,

vs.                                                 No. 22-CR-889 JCH

KADEEM S. OSORIO,
          Defendant.

## DEFENDANT KADEEM OSORIO'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE TO 60 MONTHS

COMES NOW Defendant, Kadeem Osorio, by and through his counsel of record Erlinda O. Johnson and pursuant to the Fifth, Sixth and Eighth Amendments of the United States Constitution, *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553 (a), hereby respectfully submits this Sentencing Memorandum in support of his request for the imposition of a sentence of 60 months, resulting in a just and reasonable sentence.

*Argument*

In *United States v. Booker*, 543 U.S. 220 (2005) the United States Supreme Court decided that the statute that made the U.S. Sentencing Guidelines binding and mandatory on district courts was unconstitutional as violative of the Sixth Amendment. *Id.* The Court held the sentencing guidelines would henceforth be advisory only. The Court held that 18 U.S.C. § 3553(a) requires a court to impose a sentence sufficient, but not greater than necessary to comply with the four purposes of sentencing set forth in Section 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation. This provision is not just another "factor" to be considered along with the other factors set forth in § 3553(a); it sets an independent limit on the sentence a court may impose. The ultimate goal is a sentence that comports with

"§3553(a)'s primary directive: to impose a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing." *See, United States v. Ranum*, 353 F. Supp. 2d 984 (E.D. Wi. 2005); *United States v. West*, 383 F. Supp. 2d 517 (S.D.N.Y. 2005).

Although the Guidelines continue to be the starting point for district courts and for the reasonableness review on appeal, *United States v. Terrell,* 445 F.3d 1261, 1264 (10th Cir. 2006), they impose no rigid boundaries on what sentences are permissible. In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range. *Booker* and § 3553(a) do not require the district court to limit itself to the Guidelines range. The court may impose a non-Guidelines sentence if the sentencing factors set forth in § 3553(a) warrant it, even if a Guidelines sentence might also be reasonable. *United States v. Begay*, 470 F.3d 964, 975-76 (10th Cir. 2006). *Begay'*s holding is also consistent with the parsimony clause of § 3553(a) that prohibits a sentence greater than necessary to achieve the proper purposes of sentencing.

Moreover, in *Rita v. United States*, 551 U.S. 338 (2007), the United States Supreme Court made it clear that sentencing courts are free to simply disagree with the Guidelines' recommended sentence in any particular case and may impose a different sentence based on a contrary view of what is appropriate under 18 U.S.C. § 3553(a). This includes the freedom to disagree with "policy decisions" of Congress or the Sentencing Commission that are contained in the Guidelines. As the Supreme Court noted, "[a]s far as the law is concerned, the judge could disregard the Guidelines." *Rita*, 551 U.S at 353. Any sentence outside the Guidelines will be reviewed only for abuse of discretion. *Id.* at 351. ("[A]ppellate reasonableness review merely asks whether the trial court abused its discretion."). The Court further stated, "[t]he upshot is that sentencing statutes envision both

the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." 551 U.S. at 348.

Giving any "preference" to the Guidelines is the same as applying a presumption in their favor at the district court level, which the Supreme Court has prohibited. 551 U.S. at 351. Sentencing courts are to treat the Guidelines as "simply one factor" among the several co-equal sentencing factors set forth in Section 3553(a):

> The fact is that when a court sentences post-*Booker* and views all of the Section 3553(a) factors, the guidelines range is simply one factor for it to consider in arriving at the sentence. The guidelines range may suggest the imposition of a certain sentence of which the court should be aware but other factors may point to a higher or lower sentence. Consequently, so long as the court takes each of the factors into account in sentencing, it may impose a sentence [outside the Guidelines range], provided the sentence is within the statutory range and is reasonable.

*United States v. Colon*, 474 F.3d 95, 100 (3d Cir. 2007); *see also United States v. Vampire Nation*, 451 F.3d 189, 196 (3d Cir. 2006) ("[T]he Guidelines are now only one factor among many which can influence a discretionary sentence."); *United States v. Coleman*, 451 F.3d 154, 158 (3d Cir. 2006) ("[T]he Guidelines' recommended range may be modified or disregarded by a district court upon consideration of the other sentencing factors Congress has identified in [Section] 3553(a)."). This represents a considered and significant demotion of the Guidelines in the sentencing process.

While they are still important and must be considered, the reality is that the Guidelines were "doubly diminished" by *United States v. Booker*: not only are they advisory instead of mandatory but sentencing courts "must give increased attention to the other sentencing factors in Section 3553(a)." *Colon*, 474 F.3d at 97. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case a unique study in the human failings that sometimes

3

mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States,* 528 U.S. 81, 113 (1996). Therefore, a sentence in a criminal case must be reasonable, based on an assessment of the statutory factors delineated in 18 U.S.C. § 3553(a), including the nature of the offense, the history and circumstances of the defendant and the need for the criminal sentence to avoid unwanted sentencing disparities. *United States v. Kristl,* 437 F.3d 1050, 1053 (10th Cir. 2006).

In determining the sentence to impose, the Court should consider the agreements of the parties and the reasons for reaching those agreements. A plea agreement is not simply a contract between two parties; rather, it implicates the integrity of the criminal justice system and requires courts to exercise judicial authority in considering the agreement. *United States v. Wood*, 378 F.3d 342 (4th Cir. 2004). "[C]ritical to a ... (C) agreement is that the defendant receive the ... agreed-to sentence." *Accord, United States v. Rivera-Martínez,* 607 F.3d 283, 286 (1st Cir. 2010); *United States v. Green,* 595 F.3d 432, 438 (2d Cir. 2010). If the Court accepts the parties' agreement, the only other matter pending will be the sentence the Court will impose, pursuant to the parties' agreement.

In this case, the parties have reached a sentencing agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to sentence of no greater than 70 months, the low end of the applicable guideline range. In this matter, pursuant to the agreement of the parties, Mr. Osorio's sentencing range is 60 to 70 months. Mr. Osorio respectfully requests this Court impose a sentence of 60 months as a just sentence in this case.

### *Kadeem Osorio's History and Characteristics*

Thirty-four-year-old Kadeem Osorio is a young man who has faced many challenges and adversity throughout his life. He was born to Alice Osorio, and an unknown father. Though

4

Kadeem's mother married Angel Osorio, Kadeem did not have a close relationship with him and did not consider him a father figure. Growing up was difficult for Kadeem because he was in special education in school due to possible learning disabilities which were never addressed and because his life at home was chaotic. Kadeem was often home alone with his siblings because his mother worked a lot and was often not home. The challenges from his childhood and adolescent experience with a chaotic homelife and no father figure would have long-lasting effects on Kadeem's life as it relates to misguided involvement with the criminal justice system and the current offense.

Although Kadeem explains that he did not suffer abuse as a child, he was often neglected due to the impoverished conditions in which he and his family lived and due to the fact that his mother was rarely home because of her work schedule. While Kadeem seemed to deal with these household problems by spending time with his siblings and other neighborhood children, emotional issues stemming from neglect and feelings of inadequacy due to his academic challenges seem to have eventually caught up with Kadeem as he was exposed to drugs and delinquent acts at a young age. Tragically, because of his challenges in school with special education classes and vulnerabilities due to not having a stable home environment, Kadeem soon found himself using marijuana and being manipulated by older peers to engage in delinquent acts, as a teenager.

Kadeem started using marijuana at age 16 and soon the habit-forming drug became his drug of choice, up until the day of his arrest for the instant offense. While he has tried to stay away from using harder drugs, his use of marijuana from a young age has surely taken a toll on his brain development, reasoning and actions. Indeed, according to the Center for Disease Control and Prevention, "marijuana use beginning in teen years or younger may affect brain

5

development which may impair thinking, memory, and learning."[1] The fact that Kadeem always struggled academically is a testament to the problems marijuana has caused for Kadeem. Unfortunately for Kadeem, his involvement in the instant offense was borne out of a combination of impaired thinking and manipulation by others who persuaded him to act as a drug courier.

Regardless of Kadeem's involvement in illicit activity, he has tried to do the right thing by being a good father and providing for his children. Since his arrest for the instant offense, the mother of Kadeem's youngest child passed away. The child is currently living with Kadeem's girlfriend who has been taking care of him for nearly two years. Kadeem is anxious to return to Georgia so that he may provide the young child with the love, support and protection he needs, after losing his mother. Kadeem now reflects upon the events that led to his involvement in the current offense and can only surmise that his struggles with finding his identity, feelings of inadequacy, marijuana use and his easygoing nature making him susceptible to manipulation landed him before the criminal justice system.

### *Justification for a Sentence of 60 months*

Kadeem Osorio has accepted full responsibility for his actions and expressed remorse for his conduct. He now recognizes that he allowed himself to be swept away by the pressures and manipulation of others. Kadeem admits harboring an immense amount of regret for his grave mistakes, particularly now that his youngest child has no one else but Mr. Osorio.

To expand on the points raised in the previous section, a sentence of 60 months is without question the most effective option available with which to deter Kadeem Osorio from returning to a negative lifestyle. He possesses prospects for employment upon return to Georgia. With his

---

[1] https://www.cdc.gov/marijuana/featured-topics/marijuana-youth.html#:~:text=Marijuana%20use%20beginning%20in%20teen,and%20social%20anxiety%20in%20adults.

friend and family support network Kadeem is sure to avoid contact with individuals who may lead him back down the wrong path. Likewise a prison sentence longer than 60 months would be entirely counterintuitive for this exact reason – as we have unfortunately witnessed countless times in the past and continue to witness to this day, lengthy prison sentences for individuals who are not absolutely deserving of one tend to have the effect of exposing them in close proximity to negative influences on a daily basis, often resulting in the individuals leaving prison as more hardened, violent criminals than they were before they went in. A prison sentence of more than 60 months would only result in an additional strain on the positive outlook for Kadeem's future, which includes employment upon release and reuniting with his youngest child. In short, a prison sentence of more than 60 months for Kadeem Osorio would yield no conceivable benefit for his correctional rehabilitation nor for society at large. Kadeem's desire to live a positive and clean lifestyle supports a sentence of 60 months. Indeed, a sentence of 60 months would address the 18 U.S.C. § 3553(a) factors, but at the same time allow Kadeem to become a stable and productive member of society.

*Conditions of Presentence Confinement Justify a Sentence of 60 Months*

The harsh treatment suffered by Kadeem Osorio while in pretrial detention justifies a sentence of 60 months. First, Mr. Osorio vehemently denies having any involvement with the box of playing cards found to contain fentanyl and seized from the cell he shared with another individual, as described in paragraph 35 of the presentence report. According to Mr. Osorio, members of a New Mexico gang ordered him to go to protective custody or a different pod because they wanted his cell. When Mr. Osorio refused, a member of the gang confronted him in Mr. Osorio's cell, on June 21, 2023. When other New Mexico gang members who were standing as lookouts warned that correctional officers were entering the pod, the New Mexico gang

member who had been in Mr. Osorio's cell threw a box of playing cards on the table in the cell. Neither Mr. Osorio nor his cellmate had any idea the box had been left in the cell. Mr. Osorio vehemently maintains his innocence and denies having any knowledge of the contents of the box.

The incident involving the playing cards later found to contain drugs did not stop members of the New Mexico gang from continuing their harassment and harsh treatment of Mr. Osorio. On or about February 14, 2024, Mr. Osorio was attacked by several members of the New Mexican gang while Mr. Osorio slept in his cell. Mr. Osorio represents that he was stabbed several times with a sharp object, two of his teeth were knocked out and he suffered injuries to his head. Indeed, he was transported to the hospital in Grants.

The harshness of the time Mr. Osorio has served militates in favor of the imposition of a sentence of 60 months. Several circuits have specifically recognized that harsh conditions of pretrial confinement necessarily justify a variance below the guideline range. *See, e.g., United States v. Pressley,* 345 F.3d 1205, 1218 (11th Cir. 2003); *United States v. Carty,* 264 F.3d 191, 196 (2d Cir. 2001) (cited in *Cardenas*); *cf. United States v. Dyck,* 334 F.3d 736, 742-43 (8th Cir. 2003) (declining to decide issue); *United States v. Stevens,* 223 F.3d 239, 248 n.9 (3d Cir. 2000) (same); *see also United States v. Francis,* 129 F. Supp. 2d 612, 614-20 (S.D.N.Y. 2001) (granting such a departure where defendant was in pretrial detention for thirteen months in county correctional center dominated by gangs, with various other security and hygienic inadequacies); *United States v. Rodriguez,* 213 F. Supp. 2d 1298, 1303, *amended,* 214 F. Supp. 2d 1239, 1241 (M.D. Ala. 2002) (defendant raped by jailer); *United States v. Bakeas,* 987 F. Supp. 44, 50 (D. Mass. 1997) (holding that a "downward departure is called for when, as here, an

unusual factor makes the conditions of confinement contemplated by the guidelines either impossible to impose or inappropriate").

Here, Kadeem Osorio has been subjected to harsh conditions of pretrial confinement. In an effort to kick him out of the pod in which he was housed, members of a New Mexico gang tried to frame him and his cell mate, another African America male, by leaving drugs, in plain view, in their cell. Since that clearly did not work, Mr. Osorio was then brutally attacked while he slept. Since the attack, Mr. Osorio has been placed in solitary confinement. In *United States v. Sutton*, 973 F. Supp. 488 (D.N.J. 1997), the district court stated, "[u]nusual pretrial confinement ... in either length or severity of condition, can properly be considered by the sentencing court." *Id.* at 493. Little doubt exists that pre-trial and pre-sentence detention under harsh conditions can have punitive effects not contemplated by the Guidelines. *Sutton*, 973 F. Supp. at 493-94 (citing *Artway v. Attorney General*, 81 F.3d 1235, 1263 (3d Cir.1996), (holding that ostensibly regulatory measure can have punitive effects). In *United States v. Brinton*, the district court had given a thirty-month downward departure from the sentencing guideline range for a defendant's offense level based on his incarceration in state and local facilities, even though his stay there was only 2.5 months. 139 F.3d 718, 725 (9th Cir. 1998), *overruled on other grounds, United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) (declining to decide if departure was an abuse of discretion because government waived argument by failing to object in district court).

Given Kadeem Osorio's harsh conditions of pretrial confinement which have included discrimination from other detainees, being framed for a possible crime and then a brutal assault and battery against his person, a sentence of 60 months is justified.

*The Nature and Circumstances of the Offense*

The severity of Kadeem Osorio's offense is not being debated. However, his involvement in the instant offense can best be described as minor as he was a courier who was taken advantage of by those who directed him to travel to California to pick up the cocaine with which he was ultimately arrested in New Mexico.

*Reasonableness of Sentence*

Since *United States vs. Booker*, 543 U.S. 220 (2005), a sentencing court must now impose sentence with full consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Those factors are:

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

**Nature and circumstances of the offense:** Kadeem Osorio is before the Court after a conviction for possession with intent to distribute cocaine. While the offense is serious, Kadeem's participation was minor and involved Kadeem laboring under the effects of a compromised emotional state due to his learning disabilities and his prolonged use of marijuana.

**History and characteristics of the defendant:** Kadeem Osorio submits that he

10

has dreams of returning to his young son who recently lost his mother, returning to work and to the rest of his family so that he could be a source of support for them. Kadeem represents that his characteristics and personal history justifies a sentence of 60 months.

**The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct:** Kadeem Osorio acknowledges he stands convicted of a serious offense. However, given his minor participation, the nature of the offense and the fact that he involved himself in the charged conduct while laboring under the effects of his addiction and intellectual vulnerabilities, a sentence of 60 months is a reasonable prison sentence and constitutes just punishment for the nature of the charged conduct as well as affords deterrence to criminal conduct.

**To protect the public from further crimes of the defendant:** With a sentence of 60 months and supervision to follow, Kadeem Osorio is sure to learn the skills required to maintain sobriety and not reoffend. Kadeem represents that upon release, he will focus his efforts on abstention from marijuana, raising his young son, his other family and work.

**To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner:** Any needed vocational or educational training may be accomplished with a sentence of 60 months. Since 18 U.S.C. § 3553(a) specifically states that the court shall impose a sentence sufficient but not greater than necessary to comply with the factors set forth above, Mr. Osorio begs the court to impose a sentence of 60 months.

Moreover, while the Guidelines may discourage a departure on the basis of a defendant's history of drug addiction, since *Booker*, a court may depart or vary because of the defendant's

11

use of addictive drugs or alcohol. *See, e.g., Gall v. United States,* 552 U.S. 38, 59-60 (2007); U.S.S.G. §5H.1.4.

Kadeem Osorio respectfully submits that in light of his addiction to marijuana from a young age which has impaired his reasoning, a sentence of 60 months is no more severe than necessary to achieve the sentencing aims established by Congress. Mr. Osorio respectfully submits that his academic struggles in school and addiction to marijuana are relevant to assessing his history and characteristics under 18 U.S.C. § 3553, subdivision (a)(1) and may be sufficient to justify a sentence of 60 months.

It should be noted that research shows the statutory sentencing goals are not meaningfully served by longer terms of imprisonment as often recommended by the Guidelines. Studies and their findings are "inconsistent with [the Guidelines' approach of] prisons as a powerful specific deterrent," Cullen, Francis T., *Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science*, 91 T. Prison J. 48S, 54S (2011), and "suggest that the specific deterrent effect of imprisonment is not particularly strong." Copp, Jennifer E., *The Impact of Incarceration on the Risk of Violent Recidivism*, 103 Marq. L. Rev. 775, 777 (2020). "[I]mprisonment is a crude strategy that does not address the underlying causes of recidivism and thus has no, or even criminogenic, effects on offenders," Cullen, 91 T. Prison J. at 57S. Given all these considerations and the factors set forth in section 3553 (a), a sentence of 60 months for Kadeem Osorio would result in a reasonable sentence.

## Conclusion

Wherefore, for the foregoing reasons, Kadeem Osorio respectfully requests this Court impose a sentence of 60 months as the just and reasonable sentence.

Respectfully Submitted,

*Electronically filed 3/9/24*
Erlinda O. Johnson
Attorney for Kadeem Osorio
620 Roma Ave. N.W.
Albuquerque, N.M. 87102
(505) 792-4048

I hereby certify that a true and correct
Copy of the foregoing was provided
To counsel for the government via CM-ECF
This 9th day of March 2024.

___/s_____
Erlinda O. Johnson
Attorney at Law