IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Cr. No.: 22-00889-JCH |
| **KADEEM SHAQUILE OSORIO**, | ) ) ) |
| Defendant. | ) ) |

## UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully requests that this Court sentence Defendant Kadeem Shaquile Osorio ("Osorio") to 70 months imprisonment. In support, the United States provides:

## INTRODUCTION

Mr. Osorio is a frequent narcotics distributer. This is demonstrated by his numerous drug convictions and arrests. However, despite his many convictions and arrests, his conduct persists. The instant offense involved his possession of 7,996 grams of cocaine—an A-level amount—that he intended to distribute. A 70 month sentence, which falls within Mr. Osorio's guideline range, is appropriate and consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a).

## ARGUMENT

This Court should impose a 70 month sentence. The United States Sentencing Guidelines ("Guidelines") are advisory. *See United States v. Booker*, 543 U.S. 220, 233 (2005). A district court cannot presume that a guideline sentence is reasonable and must conduct an analysis using both the guidelines and the sentencing statutes. *Rita v. United States*, 551 U.S. 338, 347-48

(2007).  However, a reviewing court may presume that a properly calculated guideline sentence is reasonable.  *Id.*

The statutory sentencing factors courts must apply include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)-(D).

I. **The Nature and Circumstances of Mr. Osorio's Offense Conduct Weighs in Favor of a Guideline Sentence**

Mr. Osorio possessed 7,996 grams of cocaine that he intended to distribute after being convicted of five different narcotics offenses (PSR (Doc. 97) ¶¶ 28-31) and arrested for two additional alleged narcotics offenses (*id.* ¶¶ 37-38).  His conduct, which involved an A-level amount of cocaine is worthy of a guideline sentence of 70 months.

Mr. Osorio's argument (Defs. Sent. Memo. (Doc. 99) at 6, 10), that he deserves a below guideline sentence because he was acting as a mere courier should carry little weight.  He does not fit the typical courier profile.  Specifically, he has numerous drug convictions, (PSR ¶¶ 28-31), has two additional drug related arrests, (*id.* ¶¶ 37-38), was able to retain private counsel, (*id.* ¶ 66), and previously claimed to own a 2013 Dodge Challenger (*id.* ¶ 65).  These facts suggest that even if Mr. Osorio were a simple courier in this case, he is nonetheless a practiced drug trafficker that has regularly profited from illicit narcotics sales.  Furthermore, the guidelines already account for Mr. Osorio's role by providing him a -2 minor role adjustment.  (*Id.* ¶ 19.)

2

This adjustment, in conjunction with Mr. Osorio's offense conduct, weighs against a downward variance.

II.     **Mr. Osorio's History and Characteristics Weigh in Favor of a Guideline Sentence**

Mr. Osorio's history demonstrates that his instant conduct is not isolated. He is a repeat seller of narcotics. Mr. Osorio is only thirty-four-years-old. However, since turning seventeen, he has been convicted of thirteen different crimes, including the offense here. (*Id.* ¶¶ 28-31.) Nearly half of his convictions, six of them, are for drug crimes. Specifically in March 2007, Mr. Osorio illegally possessed methamphetamine. (*Id.* ¶ 28.) While he was only convicted of possession, it is worth noting that the charge of possession with intent to distribute was dismissed. (*Id.*) Then, just two months later, in May 2007, he unlawfully possessed marijuana with intent to distribute. (*Id.* ¶ 29.) Four years later in December 2011, Mr. Osorio possessed a firearm and an imitation controlled substance that he intended to distribute. (*Id.* ¶ 30.) While Mr. Osorio was sentenced to eight years imprisonment for this crime, it appears he was undeterred because in October 2018, Mr. Osorio committed another narcotics offense involving methamphetamine. (*Id.* ¶ 31.) Mr. Osorio was sentenced for this crime on October 8, 2019. However, just two-and-a-half years later, he was arrested in this case with 7,996 grams of cocaine. What is most concerning about Mr. Osorio's history is that most of his crimes, save for his first few convictions (*see id.* ¶¶ 28-29), appear to have been committed while he was on probation. (*See id.* ¶¶ 28-31.) Mr. Osorio's repeated violations of law, the minimal amount of time between convictions, and his willingness to commit crime while on probation weigh in favor of a guideline sentence.

Mr. Osorio's reliance on his childhood and lack of a father figure (Defs. Sent. Memo. at 5) does not provide an adequate basis to grant him a variance. Courts are regularly presented and

reject similar arguments. *See e.g.*, *United States v. Quintana-Torres*, 749 F. App'x 734, 738 (10th Cir. 2018) (affirming district court's refusal to impose a low-end sentence or variance despite the district court's recognition that defendant had a drug addiction and needed treatment and rehabilitation); *United States v. Quinn*, 566 F. App'x 659, 671 (10th Cir. 2014) (affirming district court's refusal to grant departure or variance despite defendant's "particularly traumatic background . . . or her gambling addiction").

### III. A Guideline Sentence is Needed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and to Protect the Public from Further Crimes of Mr. Osorio

Mr. Osorio clearly does not respect the law. He repeatedly works to sell narcotics no matter the number of times he is arrested or convicted of narcotics offenses, and no matter if he is under court supervision. That Mr. Osorio has committed numerous crimes while on probation, including the instant offense, demonstrates the need for a guideline sentence. Such a sentence will promote his respect for the law. Such a sentence is also needed to disincentivize Mr. Osorio from committing further drug crimes. Clearly, leniency has not worked for him.

### IV. A Guideline Sentence Will Promote Unwarranted Sentencing Disparities Between Defendants Who Have Committed Similar Acts

A sentence within Mr. Osorio's guideline range is a reasonable approach to prevent unwarranted sentencing disparities between similarly situated defendants. The Guidelines have set a range of imprisonment of 70-87 months for a defendant with Mr. Osorio's criminal history who has possessed a similar amount of cocaine with the intent to distribute. Further, of the relevant 101 defendants who committed cocaine offenses and share Mr. Osorio's guideline range that were sentenced in fiscal years 2018-2022, the average length of imprisonment was 69 months. A 70 month sentence is consistent with this average and avoids unwarranted sentencing

disparities. Indeed, nothing about Mr. Osorio's history or offense conduct supports a sentence outside his guideline range. Considering the factors set forth in 18 U.S.C. § 3553(a), a guideline sentence is "sufficient, but not greater than necessary, to comply with the [sentencing goals]." *Id.*

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court sentence Mr. Osorio to 70 months imprisonment.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/ *Patrick E. Cordova*
Patrick E. Cordova
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 18, 2024, I filed the foregoing document electronically through the CM/ECF system, which caused the forgoing to be served on all counsel of record.

/s/ *Patrick E. Cordova*
Patrick E. Cordova
Assistant United States Attorney